### SEXSMITH et. al. v. SIEGEL-COOPER CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. AGENCY—AUTHORITY OF AGENT—NECESSITY OF INQUIRY.

     A person dealing with an agent is bound at his peril to inquire and ascertain the extent of the agent's authority.

Appeal from Special Term, New York County.

Action by Alfred W. Sexsmith and another against the Siegel-Cooper Company. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Rose & Putzel, for appellant.

Morris Kamber, for respondents.

SCOTT, J. There is absolutely no evidence whatever that Murphy, the employé of defendant with whom the plaintiffs had their conversation, was invested with any authority to make a contract such as is sued upon here, and there is nothing in his title of superintendent of construction, or in the apparent scope of his duties, so far as

¶ 1. See Principal and Agent, vol. 40, Cent. Dig. § 529.

disclosed by the evidence, to have justified plaintiffs in believing that he had any authority to make a contract. The rule is perfectly well settled that a person dealing with an agent is bound at his peril to inquire and ascertain the extent of the agent's power and authority. There is not only no evidence that Murphy had authority to make a contract, but there is also a total lack of evidence that defendant, or any of its responsible officers, ever knew that there had been any negotiations between plaintiffs and Murphy. And, finally, taking plaintiffs' own version of their conversation with Murphy, it amounts on its face to nothing more than his expression of opinion that the lowest bidder would get the contract.

The order denying the motion for a new trial is reversed, and the motion granted, with costs to appellant to abide the event. All concur.