### CROKER NAT. FIRE PREVENTION ENGINEERING CO. v. MONTAUK CLUB.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

CLUBS ⬤═8—AUTHORITY OF OFFICERS.
As the house committee of a social club is a special agent, not authorized to bind the club generally by its contracts one member of a house committee, having no apparent authority to bind the club in any way, cannot render the club liable on a contract for the inspection of the club house for the purpose of making recommendations for construction to prevent fire.

[Ed. Note.—For other cases, see Clubs, Cent. Dig. § 6; Dec. Dig. ⬤═8.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Croker National Fire Prevention Engineering Company against the Montauk Club. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

A. Stedman Jameson, of New York City (F. Sidney Williams, of New York City, of counsel), for appellant.

Edward Weil, of New York City, for respondent.

PAGE, J. The plaintiff is suing to recover the alleged contract price for making an inspection of the defendant's club house and making recommendations based thereon for changes in its construction and equipment for the purpose of fire prevention. The evidence adduced in support of the alleged contract was a telephone conversation of the plaintiff's general manager with a Mr. Jordan, who was a member of the defendant club and a member of its house committee, in which Jordan is said to have inquired the costs of such inspection and recommendations, and, on being informed that the work would cost $100, ordered that it be done. Two men in the employ of the plaintiff company inspected the club house, accompanied by Jordan and another member of the house committee, and a report and estimate for performing the work recommended in the report were sent to the club. Jordan denied the conversation concerning the payment of $100, or any other sum, for the inspection, and claimed that the defendant merely made an estimate for the work of installing a fire alarm service outfit at the club, and that the estimate was too high, and was never accepted or acted upon.

At the close of the plaintiff's case the defendant moved for a dismissal of the complaint for failure to prove that Mr. Jordan had any authority to make a contract binding upon the Montauk Club. As the record is barren of any evidence of such authority in Mr. Jordan, the motion should have been granted. The house committee of a social club is a special agent, and not authorized to bind the club generally by its contracts. Mr. Jordan was only one of five members of the house committee, and had no apparent authority to bind the club in any way. The plaintiff could not recover without proof of such authority. Reis v. Drug & Chemical Club, 55 Misc. Rep. 276, 105 N. Y. Supp. 285.

The judgment must be reversed, with $30 costs, and the complaint dismissed, with costs. All concur.